**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MORROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 2056 |
| | ) | |
| CITY OF CHICAGO, a municipal | ) | Judge Robert W. Gettleman |
| corporation, Chicago Police Officers | ) | |
| K. Flaherty, #13584, and D. Andrade, | ) | |
| #8182, CTA Agent Don Peeble, and the | ) | Magistrate Judge Michael T. Mason |
| Chicago Transit Authority, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST MOTION IN LIMINE TO BAR**
**REFERENCE TO PLAINTIFF'S CRIMINAL BACKGROUND**

Now Comes Plaintiff, Joseph Morrow, by one of his attorneys, Christopher R. Smith, and moving *in limine* to bar any reference to his prior arrests and criminal history. In support thereof, Plaintiff states as follows.

**Introduction**

The case at bar is a relatively straightforward case involving allegations of excessive force and malicious prosecution. Plaintiff alleges that he entered a CTA bus with a seven day unlimited use bus pass, fully intending to pay his fare. The bus was crowded, however, and he had not yet had the opportunity to pay when the bus driver, Defendant Peeble, began screaming at him. Pebble then flagged down a police car and falsely told the officers that Plaintiff refused to pay the fare and threatened him.[1] Because of these false allegations by Defendant Peeble, Plaintiff was arrested and criminally charged for crimes that he did not commit.

---
[1] Plaintiff's conduct on the crowded bus was captured by the security camera.

While arresting Plaintiff, Defendant Officers Flaherty and Andrade physically abused him by repeatedly striking him and slamming his head into the backseat of the car. Plaintiff was taken to the hospital were he was treated for injuries, including a laceration above his eye. Plaintiff was charged with assault to the bus driver and with aggravated battery to the police officers. He was found not guilty of all charges after a trial.

Mr. Morrow's criminal history does not have anything to do with these events and fails to meet the thresholds for admissibility. The prior arrest and convictions are not relevant. *See* Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."). Each is unfairly prejudicial to Plaintiff, as well as confusing and a waste of the jury's time. *See* Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, … undue delay waste of time …"). Each would constitute an improper attack on Plaintiff's character. *See* Fed. R. Evid. 404 and 608 (restricting use of character evidence).

**1. Prior Convictions**

Plaintiff Joseph Morrow has two 1989 felony drug convictions for which he received concurrent drug probation and a 1995 misdemeanor conviction for drinking on a public way.

Federal Rule of Evidence 609(b) bars these convictions from being admitted for impeachment purposes "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." FRE 609(b); *see also United States v. Julian*, 427 F.3d 471, 487 (7th Cir. 2005) (noting that FRE 609(b) creates presumption against admission of conviction more than ten years old). This time limit in the Rule is based on the recognition that "convictions occurr[ing] over ten years ago . . . are of little worth in determining credibility." *United States v. Bastanipour*, No. 92-CR-917, 1993 WL 394759, at *1 (N.D. Ill. Oct. 4, 1993).

2

The convictions are all for drug-related offenses. Here, these convictions can offer no probative value to the issues in this case. The courts in this Circuit have consistently held that any minimal probative value of drug offenses is outweighed by the highly prejudicial nature. *See, e.g., Townsend v. Benya*, 287 F. Supp. 2d 868, 874 (N.D. Ill. 2003) (finding that "only slight probative value" of controlled substance conviction was substantially outweighed by unfair prejudice to plaintiff and barring all evidence of the conviction); *Brandon*, 179 F. Supp. 2d at 854 (barring possession conviction evidence because "[a] conviction for comparatively minor drug offenses is less probative of truthfulness than one for perjury or fraud [while] . . . the potential for prejudice to [plaintiff] is great"). *See also Geitz v. Lindsey*, 893 F.2d 148, 151 (7th Cir. 1990) ("We are mindful of our duty to ensure that this class of civil rights plaintiffs are not unfairly prejudiced by the use of their criminal pasts against them"); *Hernandez v. Cepeda*, 860 F.2d 260, 264 (7th Cir. 1988) (limitations are designed to ensure that evidence of a prior conviction is not used to impermissibly shift the focus of the trial to the witness's past conduct).

### 2. Prior Arrests

Plaintiff Joseph Morrow has a fair number of prior arrests and a pending misdemeanor charge that have not resulted in convictions. Arrests that do not lead to convictions are generally inadmissible under well settled law. *See Anderson v. Sternes*, 243 F.3d 1049, 1054 (7th Cir. 2001) ("The law is clear that a defendant's prior arrest record is inadmissible, and while the reference to Anderson's past arrest was only indirect, it was still improper"); *Jones v. Scientific Colors, Inc.*, No. 99 C 1959, 2001 WL 668943, at *2 (N.D. Ill. June 14, 2001) ("Whether any of the claimants have been previously arrested -- as opposed to convicted -- is a matter of slight probative value in relationship to the claims before the Court. Such inquiries threaten more to confuse than enlighten"); *Brandon v. Village of Maywood*, 179 F. Supp. 2d 847, 853-55 (N.D. Ill. 2001) (carefully considering and rejecting all arguments for admission of arrest record -- such as

3

"bias" or damages -- because prejudice outweighs probative value where officers did not know about it).

Evidence of Mr. Morrow's prior arrests is nothing more than prior bad act evidence which is not admissible under the Federal Rules of Evidence. *See Gregory v. Oliver*, No. 00-5984, 2003 WL 1860270, at *1 (N.D. Ill. April 9, 2003) ("Arrests that have not lead to convictions are classic candidates for exclusion under [FRE] 404(b)"); *Blessing v. Kulak*, No. 86-10227, 1988 WL 67637, at *1 (N.D. Ill. June 22, 1988) ("The use of the evidence of prior arrests, despite defendants' arguments, is in the manner of demonstrating that Blessing had a propensity for committing burglary [and is thus] inadmissible under Rule 404(b)"); *cf. Earl v. Denny's, Inc.*, No. 01-5182, 2002 WL 31819021, at *8 (N.D. Ill. Dec. 13, 2002) ("[A] jury may deny plaintiff a verdict and an award, not because it doubts its veracity, but because it is appalled by his prior conduct that has nothing to do with the events in question. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent").

Such evidence is not probative of any issue in this case, would waste the jury's time, and is unnecessarily embarrassing to Plaintiff. Mr. Morrow was forthcoming about his arrest history during his deposition, so it is not an available source of impeachment. For these reasons, any reference to Mr. Morrow's arrest record should be barred pursuant to Federal Rules of Evidence 402, 403 and 404.

WHEREFORE Plaintiff respectfully requests that this Honorable Court bar any reference to Mr. Morrow's prior arrest and criminal history at trial in this matter.

RESPECTFULLY SUBMITTED,

             _____/s/ Christopher R. Smith\_\_\_\_\_
             One of the Attorneys for Plaintiff

Christopher R. Smith
Robert W. Johnson
Amanda Antholt
James Baranyk
Smith, Johnson & Antholt, LLC
112 S. Sangamon St., 3rd Floor
Chicago, IL  60607
312.432.0400

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that on April 12, 2010, the foregoing Motion *in Limine* was served electronically to counsel for all parties.

                                               /s/ Christopher R. Smith
                                             One of the Attorneys for Plaintiff