IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MORROW | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09 C 2056 |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, | ) | Judge Sharon Johnson Coleman |
| Chicago Police Officers K. FLAHERTY, #13594, | ) | |
| And D. ANDRADE, #8182, CTA Agent DON | ) | Magistrate Judge Jeffrey Cole |
| PEEBLES, and the CHICAGO TRANSIT | ) | |
| AUTHORITY, | ) | |
| | ) | |
| Defendants, | ) | |

**MEMORANDUM OPINION AND ORDER**

The rulings on motions in limine made by previously assigned Judge Gettleman [103] will stand, except where the Court reserved rulings and where elaboration was necessary after this Court heard arguments on the motions.

**I.  Plaintiff's motions in limine are granted in part, denied in part, and reserved in part as set forth below:**

(3) To bar "improper" impeachment regarding plaintiff's methadone treatment and drug history [72] is DENIED in part. Before any drug history or usage is addressed, counsel are directed to request a sidebar and this Court will decide whether the evidence being offered supports Judge Gettleman's ruling.

(4) To bar "improper" impeachment regarding plaintiff's complaints to the Office of Professional Standards ("OPS") [73] is RESERVED. This Court limits the use, even for

impeachment purposes, to the OPS complaint related to this incident and not any other OPS complaints the plaintiff may have filed.

(6) To bar any reference to "miscellaneous, irrelevant issues regarding witness Carolyn Suttle" [75] is granted in part and reserved in part. If Ms. Suttle testifies, the only way any mention of drugs will be permitted is if there is an admission from her that she used them, or an expert witness to testify to Ms. Suttle's drug use. Any mention of Ms. Suttle's prior drug use will be limited to her credibility as a witness. No gratuitous mention of her past drug use will be allowed.

(7) To bar witnesses not previously disclosed [125] is denied in part and granted in part. The motion is GRANTED as to the paramedics, Julie Burke and John White, and Lt. John Francis, and DENIED as to Brian Fleming and Karyn Usher.

(8) To bar reference to or display of the knife [126] is GRANTED.

**II.     Defendants City of Chicago and the individual Police Officers' motions in limine [86] are granted in part, denied in part, and reserved in part as set forth below:**

(3) To bar evidence regarding a "Code of Silence" or a "Blue Wall" is GRANTED in part. The plaintiff must lay a foundation that there is a code of silence, but may cross examine witnesses regarding their propensity to protect other police officers.

(4) To bar evidence regarding other events of alleged police misconduct in the media or other forum is GRANTED.

(6) To bar argument that defendants failed to comply with pretrial discovery is GRANTED.

(7) To bar argument regarding conspiracy is GRANTED.

(13) To bar comment that defendants have multiple attorneys or "City Lawyers" is GRANTED. This Court sees no circumstances where the door would be opened on that issue.

(20) To bar evidence regarding training of police officers or police training policies or procedures is RESERVED.

**III.     Defendant CTA's Motions in limine are granted in part, denied in part, and reserved in part as set forth below:**

(1) To bar claim of punitive damages against the CTA Defendants [81] is GRANTED over objection based on prior order.

(2) To bar damages for past and future emotional distress [82] is RESERVED as premature.

(3) To bar any evidence or reference to the reasons that defendant Peebles no longer works at CTA [83] is GRANTED, unless the door is opened.

(4) All non-party witnesses should be excluded from the courtroom during trial testimony [83] is GRANTED.

(5) Any argument regarding Defendant's alleged failure to call witnesses should be barred [83] is RESERVED.

(6) Any argument or implication that the defendants failed to comply with pretrial discovery should be barred [83] is GRANTED.

(7) Any argument or implication of a conspiracy should be barred [83] is GRANTED.

(8) Any testimony or argument that the jury should punish the CTA should be barred [84] is GRANTED.

(9) Any testimony or argument regarding settlement discussion must be barred pursuant to Rule 408 [84] is GRANTED.

(10) To bar any mention during jury selection or argument during voir dire which seeks to condition the jury to award a specific amount of money, seeks to prove the amount of money a juror would be likely to award as well as any comment in which jurors are asked to consider how

much money they would accept in exchange for an experience akin to that alleged by the Plaintiff [84] is MOOT as this Court questions the venire during jury selection.

(11) To bar any implication or testimony that CTA employees are being paid by the CTA to appear in court and testify [84] is GRANTED, no objection.

(12) To bar any evidence or testimony that the CTA may indemnify the Defendant Peebles [84] is GRANTED, unless defendants open the door in their testimony.

(13) To bar comment on the fact that Defendants have multiple attorneys representing them in this litigation or any references to the attorneys for Defendants as "CTA Lawyers," or "the CTA" [85] is GRANTED.

(14) To bar calling of undisclosed witnesses and introduction of undisclosed exhibits [85] is GRANTED, no objection.

(15) The record reflects that the CTA joins in defendant City of Chicago's motions in limine.

(16) To bar questions, comments, or arguments regarding CTA rules or policies regarding to whether passengers are allowed to stand by the driver, by the fare box, or by the front door of the bus or whether it is safe to do so [128] is RESERVED, Defendant Peebles may testify as to what he did on that particular day and why without referring to specific CTA policies or procedures.

IT IS SO ORDERED.

Date: February 7, 2011          ENTERED:

_____
Sharon Johnson Coleman